■ In the Matter of GERSHON SONTAG et al., Petitioners, v STEVEN C. JOSEPH, as Commissioner of the New York City Department of Health, Respondent.—Petition pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Walter M. Schackman, J.), entered on or about September 20, 1988, challenging a determination by respondent, dated July 8, 1987, which found petitioner guilty of various health violations and imposed a total fine of $6,000, is unanimously granted only to the extent of finding that violations 136 through 138, 158 and 160 through 166 are not sustained and these violations dismissed, the matter remanded for assessment of the penalty and the determination otherwise confirmed, without costs or disbursements.

Petitioner Inter-City Medical Laboratory, Inc. operated a licensed clinical laboratory in Astoria, Queens, until February 24, 1986 when it relocated to Coney Island Avenue in Brooklyn. Petitioner Gershon Sontag is the president, director and sole shareholder of Inter-City. Prior to its move to Brooklyn, Inter-City applied for a license from the Department of Health of the City of New York to operate a clinical laboratory at its new premises. During the anticipated hiatus preceding the issuance of the license for the new facility, Inter-City allegedly

entered into a verbal agreement with Leonard Clinical Laboratory, a licensed clinical laboratory situated on Norman Avenue in Brooklyn. While it is undisputed that equipment and employees of Inter-City moved into the Norman Avenue location and serviced Inter-City clients, including nursing homes, petitioners deny that they were engaged in operating without a license at the premises of Leonard Clinical, claiming that they simply leased their personnel and equipment to Leonard Clinical. However, the Hearing Examiner, in concluding that petitioners were guilty of 84 of the 200 violations originally brought against them, determined, in part, that Inter-City had operated a clinical laboratory without a license. After reviewing the record and listening to oral arguments from petitioners' counsel, the Review Board affirmed in part and dismissed in part the findings of the Hearing Examiner, sustaining 34 of the charges and imposing a penalty of $6,000. Petitioners now challenge the ruling of the Review Board.

At the outset, it should be noted that petitioners urge that the charges against them are the result of bias and prejudice by employees of the Department of Health and that the latter's failure to institute proceedings against other deficient or unlicensed premises indicates incompetence or favoritism. These allegations are unsupported in the record, However, there is merit to petitioners' contentions regarding the insufficiency of some of the violations sustained by the Review Board. In that regard, violations 136, 137, 138, 158 and 160 through 166 should have been dismissed.

Violations 136 and 137 relate to certain reports that were performed on the premises of Leonard Clinical and in the name of Leonard Clinical. These reports, accurately containing the name and address of Leonard Clinical, are, therefore, not false. Violation 138 deals with a report which concededly and falsely reflects the name of Inter-City as the testing laboratory and includes Inter-City's Coney Island Avenue address. It is uncontested that Inter-City did not perform any of the testing at Coney Island Avenue and that, in fact, the tests appearing on this report were performed on Norman Avenue. Petitioners assert that the incorrect information was the consequence of a computer error and was subsequently reprinted in the name of Leonard Clinical. In the absence of any evidence that the subject report was not so reprinted, there is inadequate evidence to sustain violation 138. Violations 158 and 160 through 166 charge petitioners with receiving specimens on Norman Avenue without a permit to operate a collecting depot. Yet, the only evidence to support these

charges appears to be the discredited testimony of Ralph Richeimer, the owner of Leonard Clinical. It is undisputed that Leonard Clinical was a licensed laboratory. Moreover, the findings of the Review Board indicate that employees of Inter-City had been loaned to Leonard Clinical, but Inter-City itself did not conduct tests at the Norman Avenue location. Under these circumstances, there is no credible proof that Inter-City used the premises of Leonard Clinical as a collecting depot.

We have considered petitioners' arguments concerning the other charges sustained by the Review Board and deem them to be without merit since the administrative determination as to the remaining violations is based upon substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.